IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
No. 7:16-CV-00287-FL

| | |
|---|---|
| JOYCE LONEY, <br>     Plaintiff, <br> <br> v. <br> <br> BRIAN MOYNIHAN AND BANK OF AMERICA, N.A. <br>     Defendants. | **MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS** |

Defendants Bank of America N.A. ("BANA") and Brian T. Moynihan (collectively "Defendants") show the Court as follows:

## INTRODUCTION AND STATEMENT OF FACTS

Plaintiff Joyce Loney ("Plaintiff") defaulted on her credit card payments to BANA. She now asserts claims against BANA and its CEO Mr. Moynihan under the Telephone Consumer Protection Act ("TCPA").[1] The Court should dismiss her TCPA claim against Mr. Moynihan because it does not include any factual allegations supporting individual liability. The Court should also dismiss her TCPA claim against BANA because it simply recites the elements of a TCPA claim without alleging any facts showing a violation.

Plaintiff alleges that BANA made debt collection calls through "autodialed and/or pre-recorded calls" to her cell phone after she withdrew her permission and after she sent cease and desist letters. Compl. ¶¶ 1, 6. Plaintiff further alleges that BANA acted willfully and knowingly in calling phone numbers "using an autodialer without regard to the TCPA or whether the

---

[1] Plaintiff also complains that BANA "[c]aus[ed] tort trespass." Compl. ¶ 1. While it is unclear whether Plaintiff is attempting to assert a claim under North Carolina law for trespass, Defendants address this claim as well.

number was assigned to a cellular telephone." Compl. ¶ 2. Plaintiff does not allege any facts regarding Mr. Moynihan separate from BANA. Plaintiff asserts claims against the Defendants for (1) violation of the TCPA; and (2) tort/civil trespass. Both claims fail as a matter of law.

## STANDARD OF REVIEW

A district court should grant a motion to dismiss "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). While the Court must take all factual allegations in a complaint as true, the Supreme Court heightened a plaintiff's pleading requirements in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). To survive a motion to dismiss, the "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all allegations in the complaint are true." *Id.* at 555. The Fourth Circuit has concluded that *Twombly* establishes a regime that is "more favorable to dismissal of a complaint" at the earliest stages of the case. *See Giarrantano v. Johnson*, 521 F.3d 298, 304 n.3 (4th Cir. 2008).

A court must dismiss a plaintiff's claim if it fails to allege "enough facts to state a claim to relief that is plausible on its face" such that the plaintiff has "nudged [her] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In *Iqbal*, the Supreme Court established a two-step approach for determining whether a complaint survives a motion to dismiss. First, a district court need not accept legal conclusions as true, as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. Second, only a complaint that states a plausible claim for relief should survive a motion to dismiss, and making such a determination is

2

a "context specific" task in which a court must apply its judicial experience and common sense. *Id.* at 679. Therefore, "a court considering a motion to dismiss can choose to begin by identifying the pleadings that, because they are not more than conclusions, are not entitled to the assumption of truth." *Id.*

**ARGUMENT**

Plaintiff's TCPA and tort claims against Mr. Moynihan fail because she has not alleged any facts that would give rise to individual liability. Plaintiff's TCPA claim should also be dismissed as to BANA because she (1) fails to allege facts to support the allegation that the calls were made from an automatic telephone dialing system ("ATDS"); (2) fails to allege facts to support the legal conclusion that the calls occurred without her consent; and (3) fails to identify the phone number to which the calls were allegedly made. Plaintiff's trespass claim also fails because she has not alleged any of the required elements.

**I. PLAINTIFF DOES NOT ALLEGE FACTS SUPPORTING INDIVIDUAL LIABILITY.**

While Plaintiff's Complaint generally fails to allege more than token factual support for her TCPA claim, it specifically fails to plead any facts regarding Mr. Moynihan. An officer or director is not liable under the TCPA unless he or she had direct, personal participation in, or personally authorized, the conduct found to have violated the statute. *Texas v. Am. Blastfax*, 164 F. Supp. 2d 892, 898 (W.D. Tex. 2001); *see also Baltimore-Wash. Tel. Co. v. Hot Leads Co.*, 584 F. Supp. 2d 736, 745 (D. Md. 2008). North Carolina applies a similar standard to tort claims: "The general rule is that a director, officer, or agent of a corporation is not, merely by virtue of his office, liable for the torts of the corporation or of other directors, officers, or agents." *Oberlin Capital, L.P. v. Slavin*, 147 N.C. App. 52, 57, 554 S.E.2d 840, 845 (2001). An exception to this general rule is where the officer or director personally commits or participate in

3

the tort.  *Id.*  For a claim against an officer or director to survive a motion to dismiss, the complaint must allege "wrongful action" by the officer or director.  *Id.*

Plaintiff includes Mr. Moynihan as a defendant in the case caption, but mentions him nowhere else in the Complaint except, apparently, in using the plural "wrongdoers" at certain times when discussing BANA's alleged misconduct.  *E.g.*, Compl. ¶¶ 2-3.  Plaintiff has not alleged that Mr. Moynihan had direct, personal participation in, or personally authorized, the alleged conduct violating the TCPA.  She has also not alleged that Mr. Moynihan committed or participated in a tort or other wrongful action.

Moreover, she cannot make such allegations in good faith.  This dispute involves a single BANA credit card account and BANA's alleged use of an ATDS when collecting on that account.  It has nothing to do with BANA's CEO.  Therefore, the Court should dismiss Plaintiff's claims against Mr. Moynihan with prejudice.

**II.  PLAINTIFF FAILS TO STATE A CLAIM FOR RELIEF UNDER THE TELEPHONE CONSUMER PROTECTION ACT.**

But for a few token factual allegations, Plaintiff's Complaint essentially recites the elements of a TCPA claim.  The Court is not required to accept legal conclusions without the requisite facts in support.  *See Iqbal*, 556 U.S. at 678-79.

To be liable for a violation of section 227(b)(1) of the TCPA, Plaintiff must establish that BANA: (i) made a call to a cellular telephone number; (ii) using an automatic dialing system or pre-recorded or artificial voice; and (iii) without the prior consent of the called party.  *See Brown v. Credit Mgmt., LP*, 131 F. Supp. 3d 1332, 1343 (N.D. Ga. 2015); *Augustin v. Santander Consumer USA, Inc.*, 43 F. Supp. 3d 1251, 1252-53 (M.D. Fla. 2012); *see also* 47 U.S.C. § 227(b)(1)(A)(iii).

4

At a bare minimum, to meet the TCPA's pleading standards, Plaintiff must plead (i) facts sufficient to establish that calls were made using an ATDS; (ii) facts showing that the alleged calls were placed without her consent; and (iii) the telephone number that serves as the basis of the Complaint. *See Strand v. Corinthian Colls., Inc.*, No. 1:13-CV-1235, 2014 WL 1515494, at *4 (W.D. Mich. Apr. 17, 2014) (dismissing the plaintiff's TCPA claim due to her failure to include the cell number to which the alleged calls were made); *Emanuel v. Los Angeles Lakers, Inc.*, No. CV-12-9936-GW(SHx), 2013 WL 1719035, at *4 n.3 (C.D. Cal. Apr. 18, 2013) ("[The complaint] fails to adequately plead that the Defendant used an ATDS system. . . . [M]erely parroting this definition in the [complaint] is insufficient to state a claim under *Twombly* and *Iqbal*."); *Augustin*, 43 F. Supp. 3d at 1254 (dismissing the plaintiff's TCPA claim and stating that the plaintiff's "contention that he must only allege that a call was placed to a cellular phone using an [ATDS], without any dates, details or identifying phone numbers, is not supported by case law"). Plaintiff has failed to plead any of these requirements, and any of these failures should result in dismissal of her TCPA claim.

First, Plaintiff provides insufficient factual support for the allegation that BANA used an ATDS in violation of the TCPA. Section 227(a)(1) of the TCPA defines "automatic telephone dialing system" as equipment that has the capacity to both (a) store or produce telephone numbers to be called, using a random or sequential number generator, and (b) dial such numbers. 47 U.S.C. § 227(a)(1).

Plaintiff alleges no facts about the calls allegedly made to her undisclosed phone number, leaving Defendants and the Court without information to determine whether the calls were made using an ATDS. Instead, she offers the conclusory statement that "[BANA] calling centers use automatic telephone dialing systems and computerized account information to track, record and

maintain the millions of consumer debts serviced by [BANA]." Compl. ¶ 2. She makes no specific allegations regarding the alleged "30 plus calls . . . placed to [her]" and alleges no facts (e.g., lack of human response or hearing a distinct "click and pause") to establish that the alleged calls were made by BANA using an ATDS as defined by the TCPA. Compl. ¶¶ 2-3, 6.

Plaintiff also specifically fails to plead that the equipment used by BANA had the capacity to store or produce telephone numbers to be called using a random or sequential number generator. Absent these basic facts, the Complaint is insufficient to state a cause of action and should be dismissed. *See Johansen v. Vivant, Inc.*, No. 12 C 7159, 2012 WL 6590551, at *3 (N.D. Ill. Dec. 18, 2012) (granting the defendant's motion to dismiss a TCPA claim and stating that a "formulaic recitation" of the elements of a TCPA claim, such as "[u]se of an ATDS," is insufficient to state a claim without "other supporting details" such as facts contributing to a plaintiff's belief that the call was made using an ATDS); *Pollock v. Island Arbitration & Mediation Inc.*, 869 N.Y.S.2d 740 (City Ct. 2008) (dismissing the plaintiff's TCPA claim because he failed to "establish that the defendant used a dialing system which randomly or sequentially generated telephone numbers").

Indeed, this Court dismissed a plaintiff's TCPA claim because the plaintiff provided insufficient factual support for his contention that the defendant used an ATDS and failed to allege that the purported ATDS had the capacity to store phone numbers. *Danehy v. Jaffe & Asher, LLP*, No. 5:14-CV-60-FL, 2015 WL 1249879, at *9 (E.D.N.C. Mar. 17, 2015) (adopting the Memorandum and Recommendation of Swank, M.J.). In fact, in *Danehy*, the Court held that the plaintiff's allegation of the presence of a "hesitation" on the other end of the line was insufficient to support his contention that the defendant used an ATDS. *Id.* Here, Plaintiff's

6

Complaint is even more deficient as she has put forth zero factual support for her contention that BANA used an ATDS. The Court should therefore dismiss her claim.

Plaintiff also fails to plead facts to support her legal conclusion that the alleged calls were made without her consent. Compl. ¶ 1. Plaintiff first alleges that calls were made after she "withdrew her permission," later alleges simply that calls were made without her "prior express consent," and still later alleges that she sent cease and desist letters. Compl. ¶¶ 1, 6. At most, Plaintiff has offered two legal conclusions that restate the consent element of the TCPA backed by a token factual allegation regarding cease and desist letters. Moreover, the letters are not attached to the Complaint, and Plaintiff fails to provide any details as to their contents or to whom or when they were sent. None of these allegations is entitled to a presumption of truth, and the Court should dismiss Plaintiff's TCPA claim for this reason.

Finally, Plaintiff fails to allege the telephone number in question, and the Court should dismiss her claim as a result. Indeed, in *Strand*, the court held that under notice pleading requirements, a plaintiff is required to "plead the telephone number in question to raise a right to relief above the speculative level." *Strand*, 2014 WL 1515494, at *3.[2] In *Augustin*, the plaintiff allegedly only that the defendant placed a call to a cellular telephone, and the court dismissed his claim because he failed to provide any dates, details, or identifying phone numbers. *Augustin*, 43 F. Supp. 3d at 1254. Similarly, here, Plaintiff has not provided sufficient factual details about the alleged calls beyond alleging that BANA called her cell phone 30 plus times between February 1, 2014, and July 25, 2016. Compl. ¶¶ 1, 6. Because Plaintiff's Complaint lacks sufficient factual allegations, the Court should dismiss her TCPA claim.

---

[2] The TCPA's plain language further supports *Strand* as it refers to calls placed to a "telephone number assigned to a . . . cellular telephone service." *Strand*, 2012 WL 5511039, at *3 (quoting 47 U.S.C. § 227(b)(1)(A)(iii)). A plain reading of the statute, then, shows that, to prove her case, Plaintiff must prove that BANA called a specific telephone number and that the telephone number was assigned to a cellular telephone service. *Twombly* and *Iqbal* notice pleading standards require that Plaintiff plead the telephone number in question.

### III. PLAINTIFF'S TRESPASS CLAIM FAILS BECAUSE SHE HAS NOT ALLEGED ANY OF THE REQUIRED ELEMENTS.

Plaintiff's Complaint alleges that BANA "[c]aus[ed] tort trespass." Compl. ¶ 1. To the extent Plaintiff is attempting to assert a cause of action for trespass, the Complaint does not allege any of the required elements under North Carolina law.

To state a claim for civil or tort trespass, a plaintiff must establish (1) possession of the property by the plaintiff when the alleged trespass was committed; (2) an unauthorized entry by the defendant; and (3) damage to the plaintiff from the trespass. *Keyzer v. Amerilink*, 173 N.C. App. 284, 289, 618 S.E.2d 768, 772 (2005). Plaintiff has not – and cannot in good faith – allege any of the elements of a claim for trespass. Therefore, the Court should dismiss this claim.

### CONCLUSION

Defendants respectfully ask that the Court:

(1) Grant this motion to dismiss as to all claims in the Complaint;

(2) Dismiss the Complaint with prejudice; and

(3) Grant such other relief as this Court deems proper.

This the 14th day of October, 2016.

BY: /s/ Matthew J. Morrison
Matthew J. Morrison
N.C. State Bar No. 38382
Kevin L. Denny
N.C. State Bar No. 47694
MCGUIREWOODS LLP
201 North Tryon Street, Suite 3000
Charlotte, North Carolina 28202
Telephone: (704) 343 2000
Facsimile: (704) 343 2300
Email: mmorrison@mcguirewoods.com

*Attorneys for Defendants Bank of America, N.A., and Brian Moynihan*

**CERTIFICATE OF SERVICE**

This is to certify that, on this day, the foregoing has been served by electronic filing through the Court's CM/ECF system, and by regular mail to the plaintiff in this action addressed as follows:

>Joyce Loney
>4956 Long Beach Road, SE
>STE 14, PMB 363
>Southport, NC 28461

Date: October 14, 2016

/s/ Matthew J. Morrison